UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| **B.S. and K.S** ) | **CIVIL DIVISION** |
| ) | **CASE No.:** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| **Carter County Board of Education** ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## COMPLAINT

**COME NOW** Plaintiffs, K.S. and B.S. (collectively referred to as "Plaintiffs"), and file this action for violation of § 504 of the Rehabilitation Act of 1973 ("RA") and Title II of the Americans with Disabilities Act of 1990 ("ADA") against the Carter County Board of Education ("CCBOE" or "Defendant"). In COUNT I, Plaintiffs on behalf of B.S. seek damages, declaratory and injunctive relief, and attorneys' fees and costs against Defendant for discrimination based on B.S.'s disability pursuant to § 504 of the Rehabilitation Act. In COUNT II, Plaintiffs on behalf of B.S. seek declaratory and injunctive relief, and attorneys' fees and costs against Defendant for discriminating against B.S. based on her disability pursuant to Title II of the ADA. In Count III Plaintiffs seek relief for claims of Retaliation under Title II of the ADA.

### INTRODUCTION

1.  Section 504 of the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq. is an anti-discrimination mandate that applies to public school districts that receive any public funding. It prohibits a public school receiving federal funds from, among other things, denying a qualified person with a

disability the opportunity to participate in or benefit from a benefit or service; affording a person with a disability a benefit or service that is unequal to that afforded to others; providing a person with a disability a benefit or service that is not as effective as that provided to others; or, limiting a person with a disability in the enjoyment of rights, privileges, advantages, or opportunities enjoyed by others receiving an aid, benefit, or service. 34 C.F.R. § 104.4(b).

2. B.S. benefits from this protection against discrimination because she is a person with a physical and mental impairments that substantially limits major life activities.

3. School Districts must make reasonable modifications to policies, practices, or procedures when necessary to ensure equal opportunity, unless the public school can prove that the modification would constitute a fundamental alteration of the nature of the activity.

4. Congress passed the ADA in part because "historically, society has tended to isolate and segregate individuals with disabilities, and such forms of discrimination ... continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2)  Congress found that this discrimination included "segregation and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101(a)(5).

5. As the result of Defendant's conduct, and with Congress' protection of the civil rights of people with disabilities, Plaintiffs plead their Complaint to this Court:

## JURISDICTION, PARTIES, VENUE, AND ARTICLE III STANDING

6. Jurisdiction is proper under 28 U.S.C §§ 1331 and 1343 because this is a civil action seeking redress for the deprivation of rights secured by federal law, specifically, Title II of the Americans with Disabilities Act, 42 USC § 12132 et seq., and Section 504 of the Rehabilitation Act of 1973, 42 USC §794(a).

7. Venue is proper in this Court, the United States District Court for the Eastern District of Tennessee, in that the complained of actions took place in, and the parties reside in, Carter County, Tennessee.

8. K.S. lives in Carter County with B.S. and is B.S. parent. K.S. is over eighteen years old, and are otherwise *sui juris*.

9. B.S. is the daughter of K.S., who resides in Carter County, Tennessee and Happy Valley High School, a school operated by Defendant.

10. Defendant is located in Carter County, Tennessee, is a public school district organized under the laws of the State of Tennessee, and is a recipient of state and federal financial assistance.

## FACTUAL ALLEGATIONS

11. B.S. is a child with a rare and terminal neurodegenerative disease (CLN3 Batten Disease). She attends Happy Valley High School.

12. B.S. is a student with a physical or mental impairment that substantially limits one or more major life activities. She has highly significant mobility issues related to her disability. She is blind, has seizures and incontinence, and has mobility issues. She is 17 years old, but her mental capacity has been rated in the 3-4 year old range.

13. Defendant is a public entity in that it is a public school district and a provider of education and related services, employs principals, vice principals, assistant principals, teachers, paraprofessionals, staff, contractors and other employees, who are Defendant's employees or agents, and whose actions are attributed to Defendant.

14. Defendant evaluated B.S. for special education services and she receives special education services.

15. All of the school administrators and relevant personnel are aware of B.S.'s limitations relating to her impairment.

16. Plaintiffs describe below that Defendant has made efforts to prohibit B.S. from freely using her wheelchair.

17. B.S. uses a custom wheelchair whenever she's out of the house. She has some limited mobility, but it is quickly deteriorating as a result of her disease, and has been especially pronounced since her last seizure on October 10th.

18. On or about October 20, 2021, the CDC classes at Happy Valley High School went on a field trip to Cades Cove which was scheduled from 8:15 am until 7:30 pm. Plaintiff K.S. was told just two days prior that no wheelchair accessible busses were available for the field trip.

19. This was B.S.'s last day prior to the field trip because B.S. only attends school on Monday, Wednesday and Friday. Her attendance is limited by her disability so that she can conserve her energy. To attend school B.S. requires recovery days. (For the same reason B.S. only attends for shortened days.

20. B.S.'s teacher, as well as the bus driver that was taking the classes on the trip, implied that there is only one accessible bus for B.S's part of the county. But that bus was needed to make the regular morning and afternoon runs for both the high school and the CDC class(es) at another school.

21. Instead of utilizing a wheelchair accessible bus, the learning staff was forced to design a 'plan'. The plan was for B.S. to climb up into the bus 'normally.' Because of the high steps getting in and out of the bus required an assistant in front and behind B.S. with a gait belt attached to her.

22. Since B.S.'s custom wheelchair does not fold, school staff brought a transfer chair in its place. This was the same transfer chair used for B.S.'s field trips the prior year (B.S. did not depend on a wheelchair as frequently the prior year as her condition had not depreciated as much; but, as she did not always have the stamina to use her rollator for extended walking and hence the need for the transfer chair).

23. Past accommodations are not applicable because B.S. no longer uses a rollator for even medium to short distances. Her chair is required now for energy conservation and support. In the absence of constant attention to energy conservation, B.S. is at risk of seizure due to fatigue and stress.

24. Her custom chair also provides extra torso support since B.S. often slumps. The transfer chair does not provide that support.

25. Additionally, B.S. often naps a couple of times a day. Her custom chair has tilt that allows her to shift her position.

26. During the Cades Cove field trip, B.S. had to embark and disembark the bus multiple times for their various activities and was prevented from being able to nap comfortably as needed. B.S. was very fatigued for days following the field trip. This left her at risk for tonic clonic seizures in the days following.

27. The Defendant did not provide an appropriate bus to accommodate B.S.

28. Because B.S. will decline further due to her rare and terminal neurodegenerative disease the Defendant's arrangement will not work for B.S.

29. Upon information and belief, the CDC classes are scheduled to go on another field trip December 10, 2021. K.S. verbally informed B.S.'s staff that B.S. would need a wheelchair accessible bus. K.S. was left with the impression that it was doubtful one would be

Page **5** of **14**

Case 2:21-cv-00171-KAC-CRW   Document 1   Filed 11/08/21   Page 5 of 14   PageID #: 5

available.

30. K.S. was informed that since B.S. accomplished the last field trip her concerns were unwarranted. In fact, B.S. was overly tired after the Cades Cove trip and may not be able to accomplish such feats in the future.

31. Federal laws cited herein make clear that B.S. should not have to go to these extremes to go on a field trip with her class.

32. Field trips are important to all of the students and teachers and related staff.

33. K.S. was made to fear that if she asserts B.S.'s rights that the field trip may be cancelled and none of the CDC students will be able to attend.

34. Based on the foregoing, Plaintiffs allege Defendant discriminated against B.S. based on her disability.

## COUNT I: DISCRIMINATION BASED ON DISABILITY PURSUANT TO SECTION 504 OF THE REHABILITATION ACT OF 1973

35. Plaintiffs reincorporate and reiterate paragraphs 1 through 35.

36. Section 504 of the Rehabilitation Act of 1973 and its implementing regulations provide, "no otherwise qualified individual with a disability in the United States… shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); 34 C.F.R. § 104.4(a).

37. Among other requirements, entities subject to Section 504 must provide equal opportunity to qualified persons with disabilities to participate or benefit from any aid, benefit, or service they make available. 34 C.F.R. § 104.4(b)(1)(ii).

38. Entities subject to Section 504 must avoid otherwise limiting a qualified individual with a

disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service. 34 C.F.R. § 104.4(b)(1)(vii).

39. An individual with a disability is defined by reference to the ADA. 29 U.S.C. § 705(20(B) (referencing 42 U.S.C. § 12102(1)). A person has a disability under Section 504 if they have a physical or mental impairment that substantially limits one or more of their major life activities. 42 U.S.C. § 12102(1).

40. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. A major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. 42 U.S.C. §§ 12102(2)(A) and (B).

41. A "qualified individual with a disability" is one who, with or without reasonable accommodations for their disability, meets essential eligibility requirements to receive services from or participate in the programs or activities of a recipient of Federal financial assistance. 29 U.S.C. § 794(a).

42. A "program or activity" includes local education agencies, public boards of education and school systems. 29 U.S.C. § 794 (b)(2)(B) (referencing 20 U.S.C. § 7801 (26)).

43. A "recipient of Federal financial assistance" is a public or private agency or other entity to which Federal financial assistance is extended directly or through another recipient. 34 C.F.R. § 104.3(f).

44. B.S. is an individual with physical and mental impairments, including but not limited to,

CLN3 Batten Disease.

45. B.S.'s. impairments affect her major life activities of caring for herself, balancing, and walking.

46. Accordingly, B.S. is an individual with disabilities as defined by Section 504. B.S. is an otherwise qualified individual with disabilities who meets essential eligibility requirements to receive services from or participate in the programs or activities of Defendant.

47. B.S. attends the Defendant's schools.

48. The education of students by the Defendant is a program or activity subject to Section 504.

49. Defendant is a recipient of Federal financial assistance.

50. Defendant is subject to the non-discrimination provisions of Section 504.

51. Defendant's failure to allow B.S. to fully and freely use a wheelchair for mobility and access wheelchair accessible transportation discriminated against B.S. as a person with disability by denying her equal access and otherwise limiting her access to Defendant's facilities, programs and services as compared to her nondisabled peers.

52. Defendant's refusal to accommodate B.S.'s disability and its implementation of discriminatory policies and practices toward B.S. was illegal disability-based discrimination that violated Section 504 of the Rehabilitation Act of 1973.

53. Defendant's discrimination was intentional as Defendant refused makes its transportation accessible to B.S. despite its knowledge that B.S. was a qualified person with a disability with impairments that made the bus used by the Defendant and prohibited her from full utilization of the Defendant's program, and was a violation of equal access for B.S.

54. Defendant's discrimination was intentional Defendant continues to fail to provide B.S. with accessible transportation.

55. Defendant's discrimination was intentional because despite Plaintiffs' complaints about the special education bus and repeated requests Defendant did nothing as to accommodate the Cades Cove trip and will not concern itself with her transportation on the upcoming field trip.

56. As a proximate result of these violations of Section 504, Plaintiff has suffered harm as set forth above.

57. Because B.S. will continue receiving education and related services at Defendant, she will face discrimination and retaliation again from Defendant.

58. Pursuant to 28 U.S.C. § 794(a), among other statutes, this Court is authorized to award attorneys' fees to the Plaintiffs based on these illegal actions by Defendant.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to grant the following relief:

(1) to enter a declaratory judgment pursuant to Fed. R. Civ. P. 57, stating that Defendant's denial of reasonable accommodations has subjected B.S. to discrimination in violation of Section 504.

(2) to permanently enjoin Defendant, its board members, directors, its successors, staff, employees and any and all Defendant's agents from its discriminatory practices and procedures against B.S. based on her disability denying her equal participation in the Defendant's programs and activities, including:

(a) B.S. having full utilization of her wheelchair;

(b) B.S. having full access to the Defendant's transportation services;

(f) Defendant modifying its policies and procedures to ensure that other persons are not so discriminated against;

(3) awarding Plaintiffs compensatory damages.

(4) to develop a clear policy, practice and procedure as it relates to students with mobility issues;

(5) to award Plaintiffs reasonable attorneys' fees and costs;

(6) to grant Plaintiffs other relief this Court deems just and proper.

**COUNT II: DISCRIMINATION BASED ON DISABILITY PURSUANT TO TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

59. Plaintiffs reincorporate and reiterate paragraphs 1 through 35.

60. Title II of the ADA and its implementing regulations forbid public entities, including local education agencies, to exclude or deny people with disabilities, like B.S., the benefits of its services, programs or activities, or to discriminate based on disability. 42 U.S.C. § 12132; 28 C.F.R. §§ 35.104 and 35.130(a).

61. Prohibited disability-based discrimination by public entities includes the failure to provide qualified individuals with disabilities an equal opportunity to participate in or benefit from aids, benefits or services or "otherwise limit" a qualified individual with a disability in the enjoyment of any right, privilege, aid, benefit, or service. 28 C.F.R. §§ 35.130(b)(1)(ii) and (vii). Prohibited disability discrimination additionally includes the failure to make reasonable policy modifications as necessary to avoid discrimination against an individual based on their disability. 28 C.F.R. § 35.130(b)(7).

62. An "individual with a disability" is one who has a physical or mental impairment that substantially limits one or more of their major life activities. 42 U.S.C. § 12102(1).

63. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, bending, speaking, learning, and working. 42 U.S.C. § 12102(2)(A). Major life activities also include the operation of major bodily function. 42

U.S.C. § 12102(2)(B).

64. A "qualified individual with a disability," is one who, with or without reasonable accommodations for her disability, meets essential eligibility requirements to receive services from or participate in the programs or activities of the public entity. 42 U.S.C. § 12131(2).

65. B.S. is a child with CLN3 Batten Disease.

66. B.S.'s impaired physical status affects her major life activities, including mobility.

67. B.S. is an otherwise qualified person with disabilities who meets the essential eligibility requirements to receive services from or participate in the programs or activities of the Defendant.

68. Defendant's failure to remove transportation barriers, failure to allow her to fully and freely use her wheelchair, discriminated against B.S. as a person with disabilities by denying her equal access and otherwise limiting her access to Defendant's facilities, programs and services as compared to her non-disabled peers. 28 C.F.R. §§ 35.130(a), 35.130(b)(1)(ii), and (vii)

69. Defendant illegally discriminated against B.S. in its continuing refusal to reasonably accommodate B.S. as a person with a disability.

70. Defendant's refusal to remove accessibility barriers and its implementation of discriminatory policies and practices toward B.S. was illegal disability-based discrimination that violated Title II of the ADA.

71. Defendant refused to provide accessible transportation despite its knowledge that B.S. was not able to safely and conveniently use a non-accessible bus and go on an all-day field trip with or without her wheelchair. Defendant knew that B.S. was a qualified person with a

Page **11** of **14**

Case 2:21-cv-00171-KAC-CRW   Document 1   Filed 11/08/21   Page 11 of 14   PageID #: 11

disability, nevertheless prohibited her from fully and freely using her wheelchair, which was a violation of equal access for B.S.

**72.** Defendant continues to maintain inaccessible field trip transportation, where it is nearly impossible for B.S. to use its existing bus.

**73.** As a proximate result of these violations of Title II of the ADA, B.S.. has suffered harm as set forth above.

**74.** To date, the Defendant's discriminating actions continue and B.S. suffers harm because of these actions.

**75.** Pursuant to 42 U.S.C. § 12133, among other statutes, this Court is authorized to award attorneys' fees to the Plaintiffs based on these illegal actions by Defendant.

**WHEREFORE**, premises considered, B.S., by and through her parent K.S., demands judgment against the Defendant on all counts and requests the following award of relief, including injunctive and declaratory relief:

**(1)** That the Court enter judgment in B.S.'s favor against the Defendant;

**(2)** That the Court enter a declaration that Defendant violated B.S.'s rights under Title II of the ADA;

**(3)** That the Court award reasonable attorneys' fees pursuant to Title II of the ADA;

**(4)** That the Court enter an Order directing Defendant to accessibility barriers for B.S.

**(5)** That the Court enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

**(6)** That the Court award such other, further, and different relief as it deems necessary, just, and proper.

## COUNT III: RETALIATION BASED ON DISABILITY PURSUANT TO TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

**76.** Plaintiffs reallege and reincorporate paragraphs 1 through 75.

**77.** Non-disabled individuals who have "opposed any act or practice made unlawful" by Title II of the ADA have standing to sue under the anti-discrimination provisions of the ADA. *Barker v. Riverside Cty. Office of Educ.*, 584 F. 3d 821, 827 (9 Cir. 2009).

**78.** K.S. has alerted the Defendant that their actions are discriminatory.

**79.** Plaintiff requested multiple times that their transportation for B.S. is inadequate and violative of her rights, that she is an individual with disabilities and is entitled to use her wheelchair and access field trips on a wheelchair accessible bus.

**80.** Defendant chose to ignore those requests, instead cautioning Plaintiff that her continued attempts to enforce the rights of B.S. may lead to all children being prohibited from going on the upcoming field trip.

**WHEREFORE**, premises considered, Plaintiffs K.S. and B.S., demand judgment against the Defendant and requests the following award of relief, including injunctive and declaratory relief:

**(1)** That the Court enter judgment in K.S. and B.S. favor against the Defendant;

**(2)** That the Court enter a declaration that Defendant retaliated against Plaintiffs pursuant to the ADA and section 504 of the Rehab Act;

**(3)** That the Court award reasonable attorneys' fees pursuant to 42 U.S.C. §§ 12203 and 12133;

**(4)** That the Court enter an Order enjoining Defendant from its retaliatory conduct now and in the future;

**(5)** That the Court enter an Order directing Defendant to evaluate and neutralize its policies,

practices, and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

**(6)** That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Respectfully Submitted, this the 8th day of November 2021.

/s/ Michael F. Braun

_____
MICHAEL F. BRAUN (BPR 032669)
ATTORNEY FOR B.S. AND K.S.
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942
Fax: (629) 255-4445
Email: mfb@braun-law.com