# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: March 11, 2025

Mr. D. Scott Bennett
Leitner, Williams, Dooley & Napolitan
200 W. Martin Luther King Boulevard, Suite 500
Chattanooga, TN 37402-2566

Mr. Michael Franklin Braun
5016 Centennial Boulevard, Suite 200
Nashville, TN 37209

Ms. Mary Christine DeCamp
Bennett & DeCamp
735 Broad Street, Suite 214
Chattanooga, TN 37402

Mr. Lowell Landis Sexton
Attorneys For Disabled Americans Group
3116 Southview Avenue
Montgomery, AL 36106

Re: Case No. 24-5045, *B. S., et al v. Carter Co, TN Bd of Education*
Originating Case No. : 2:21-cv-00171

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. LeAnna Wilson

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0137n.06

No. 24-5045

| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | FILED<br>Mar 11, 2025<br>KELLY L. STEPHENS, Clerk |
|---|---|

B.S., deceased; K.S.,

    Plaintiffs-Appellants,

v.

CARTER COUNTY BOARD OF EDUCATION,

    Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

BATCHELDER, J., delivered the opinion of the court in which GRIFFIN, J., concurred. WHITE, J. (pg. 6), delivered a separate dissenting opinion.

**ALICE M. BATCHELDER**, **Circuit Judge**. After a local school district failed to provide a wheelchair-accessible bus for B.S.'s class field trip, B.S. and her mother sued the school district for disability discrimination under both the Americans with Disabilities Act and the Rehabilitation Act. According to her mother, the District both intentionally discriminated against B.S.'s rare and severe disability and also refused to provide a reasonable accommodation for it when the District failed to provide B.S. with an accessible bus for the class trip. The district court dismissed B.S.'s complaint for failure to state a claim, and B.S. challenges that decision on appeal. For the reasons below, we affirm.

**I.**

B.S. suffered from CLN3 Batten disease—a fatal neurodegenerative condition that made B.S. blind, prone to seizures, and unable to control her body. Because B.S.'s condition made it

No. 24-5045, *B.S., et al. v. Carter Cnty. Bd. of Educ.*

hard for her to attend public school, she received "special education services" through an Individualized Education Plan (IEP) that the District had created in consultation with B.S.'s parents. While that IEP imposed many requirements on the District, the one most relevant here is the District's requirement to provide B.S. with "significant assistance" when it came to getting in and out of vehicles.

In October 2021, the District planned to take B.S. and her class on a full-day field trip to the Smoky Mountains. Although B.S.'s inability to get in and out of vehicles had made it difficult for her to attend field trips like these over the years, the District had always been able to help her board the bus by using a gait belt, rollator, and folding wheelchair. That all changed shortly before the Smoky Mountains field trip, however, when B.S. unfortunately suffered a seizure that further limited her mobility and also forced her to use a custom wheelchair at all times.

Despite this change in circumstances, the District never secured a wheelchair-accessible bus for B.S.'s upcoming field trip, which meant that B.S. would not be able to board the normal school bus using her custom wheelchair. A wheelchair-accessible bus could not be used for B.S.'s class trip, according to the District, because there was only one wheelchair-accessible bus in the area where B.S. lived, and the District needed that bus to transport other students with disabilities to and from its other schools. Given these circumstances, the District opted to follow B.S.'s IEP and helped her board the bus by using a gait belt and a folding wheelchair—just as it had done on earlier school trips. But because this method required B.S. to use more energy when boarding the bus, B.S. returned home from the trip with severe fatigue, a condition that increased her risk of seizures.

After the District "left [B.S.'s mother] with the impression" that it would not provide a wheelchair-accessible bus on future trips, B.S. and her mother sued the District for disability

-2-

No. 24-5045, *B.S., et al. v. Carter Cnty. Bd. of Educ.*

discrimination and failure to accommodate under both the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973.[1]  In response, the District moved to dismiss B.S.'s complaint for failure to state a claim, and the district court granted that motion.  In the district court's view, B.S. could not state a claim for disability discrimination because her parents never requested an accommodation from the District, and the complaint did not allege any facts to suggest that the District "intentionally deprived B.S. of a wheelchair-accessible bus because of her disability."  B.S. then appealed the district court's decision, and sadly, while this appeal was still pending, B.S. passed away.[2]

## II.

We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim.  *Lambert v. Hartman*, 517 F.3d 433, 438-39 (6th Cir. 2008).  To survive a motion to dismiss, the plaintiff's complaint must allege facts sufficient "to state a claim to relief that is plausible on its face."  *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020).  In making that determination, we "construe the complaint in the light most favorable to the plaintiff" and "accept [all] its allegations as true."  *Id.*

## III.

Both the Rehabilitation Act and the ADA make it unlawful for certain public schools to discriminate against their students based on disability.  *See* 29 U.S.C. § 794 (Rehabilitation Act);

---

[1] The District argues that B.S.'s claims independently fail because she did not exhaust her administrative remedies under the Individuals with Disabilities Education Act (IDEA).  But because the IDEA's exhaustion requirement is likely not jurisdictional, *see Doe ex rel. K.M. v. Knox Cnty. Bd. of Educ.*, 56 F.4th 1076, 1084 (6th Cir. 2023), we need not decide that question here given that B.S.'s complaint failed to state a claim for relief either way.

[2] While discrimination claims under the Rehabilitation Act and the ADA likely survive a plaintiff's death, *see, e.g.*, *Cook v. Hairston*, 948 F.2d 1288 (6th Cir. 1991) (unpublished table decision), we assume without deciding here that B.S.'s claims survived.

-3-

No. 24-5045, *B.S., et al. v. Carter Cnty. Bd. of Educ.*

42 U.S.C. § 12132 (ADA). To bring a claim for unlawful discrimination under either statute, a plaintiff must plead facts that show that (1) she has a disability, (2) she is qualified to participate in the program, and (3) she has been discriminated against because of her disability. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008). When it comes to pleading discrimination under this third prong, a plaintiff has two options: she can allege intentional discrimination or a failure to accommodate. *Roell v. Hamilton County*, 870 F.3d 471, 488 (6th Cir. 2017). Here, B.S. opted for both approaches and argues that the District intentionally discriminated against her disability—and also refused to provide a reasonable accommodation for it—when the District failed to provide B.S. with a wheelchair-accessible bus. We disagree.

First, B.S.'s intentional-discrimination claim fails because, as the district court correctly held, the complaint does not allege any facts that would suggest that the District intentionally discriminated against B.S. based on her disability. *Knox County v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023) ("[p]roof of discriminatory motive is critical" (alteration in original)). Indeed, if anything, the complaint concedes that the District had a non-discriminatory motive for its decision: that is, that the District needed its only wheelchair-accessible bus for its "regular morning and afternoon runs" at its other schools. Because that explanation has nothing to do with B.S.'s condition, B.S.'s complaint fails to state a claim for intentional discrimination. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015) (explaining that a plaintiff must show that "animus against the protected group was a significant factor" behind the defendant's decision).

Second, B.S.'s failure-to-accommodate claim also fails because the applicable statutes require only that the District provide B.S. with a "*reasonable* accommodation[]"—not the "best accommodation[]" or even her "preferred accommodation[]." *M.Q.*, 62 F.4th at 1001 (emphases omitted). And here, the District provided B.S. with a reasonable accommodation under the

-4-

No. 24-5045, *B.S., et al. v. Carter Cnty. Bd. of Educ.*

circumstances when it followed her IEP and helped her board the bus with the same methods it had always used in the past, especially when B.S.'s parents never alleged that the IEP provided inadequate accommodations. But even if B.S could show that this accommodation was not reasonable, the outcome here would still be the same because B.S. does not, as she must, allege any facts that show how her own requested accommodation was reasonable. *See id.* at 1000 ("The plaintiff must establish both that his preferred accommodation was reasonable, *and* that the accommodation provided to him was unreasonable.").

Finally, because B.S. asked for only injunctive and declaratory relief under the ADA, her ADA claim is now moot given that she is no longer a student at the school. *See, e.g.*, *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713-14 (6th Cir. 2011).

## IV.

Because B.S.'s complaint fails to state a claim under the Rehabilitation Act and her ADA claim is now moot, we **AFFIRM** the district court's decision.

No. 24-5045, *B.S., et al. v. Carter Cnty. Bd. of Educ.*

**HELENE N. WHITE, Circuit Judge, dissenting.** I do not agree that Plaintiffs failed to adequately plead the elements of their ADA and Section 504 failure-to-accommodate claims.

The allegation that "K.S. was told just two days prior that no wheelchair-accessible busses were available for the field trip" permits an inference that K.S. had notified school staff that B.S. needed a wheelchair-accessible bus and CCBOE was aware of the need. (R. 1, PID 4).

Additionally, Plaintiffs allege several facts supporting the conclusion that having B.S. walk up and down the bus steps with assistants in front of and behind her and a gait belt attached to her was not a reasonable accommodation. They asserted that B.S.'s wheelchair, which she was not able to bring on the field trip, provides extra torso support because B.S. "often slumps" and has a tilt feature that allows her to shift her position so she can take naps. (R. 1, PID 5). Plaintiffs also alleged that because B.S. did not have her wheelchair on the trip, she "was very fatigued for days" afterward, which "left her at risk for tonic clonic seizures in the days following." (R. 1, PID 5).

As for the reasonableness of Plaintiffs' preferred accommodation, I do not agree that the complaint itself establishes that a wheelchair-accessible bus was not a reasonable accommodation. *See Austin v. Town of Farmington*, 826 F.3d 622, 630 (2d Cir. 2016) ("The reasonableness issue here cannot be determined on the pleadings because the relevant factors are numerous and balancing them requires a full evidentiary record."); *Tull v. New York City Hous. Auth.*, 722 F. App'x 75, 78-79 (2d Cir. 2018) (similar). On its face, a wheelchair accessible bus is a reasonable accommodation of disabled students. CCBOE's reasons for not having one available present factual questions. Accordingly, I would find that the district court erred in dismissing Plaintiffs' failure-to-accommodate claims. *See Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 (6th Cir. 1998) ("The reasonableness of an accommodation is a fact issue." (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1184 (6th Cir. 1996)).

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 24-5045

B. S., deceased; K. S.,

    Plaintiffs - Appellants,

v.

CARTER COUNTY BOARD OF EDUCATION,

    Defendant - Appellee.

**FILED**
Mar 11, 2025
KELLY L. STEPHENS, Clerk

Before: BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

Kelly L. Stephens, Clerk